[9-page Complaint]

In The United States District Court
For The District Of Colorado

Civil Action No. _____

John Clark Bridges, Plaintiff,

v.

M. Lancaster, and
United States,    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 25 2021

JEFFREY P. COLWELL
CLERK

## Prisoner Complaint

A. Plaintiff Information: John Clark Bridges, # 01949-122, ADX Federal Penitentiary, P.O. Box 8500, Florence, Colorado 81226. Convicted and sentenced state prisoner in federal custody.

B. Defendants Information:
[b1.] Defendant One: M. Lancaster, BOP Correctional Officer, employed at the Federal Correctional Complex, 5880 HWY 67 South, Florence, Colorado 81226. Defendant M. Lancaster acted under color of federal law and violated Plaintiff's constitutional rights. He is being sued in his individual capacity.
[b2.] Defendant Two: United States, proper party defendant in FTCA claim. Defendant United States acted under color of state or federal law and violated Plaintiff's lawful rights.

- 1 -

C. Jurisdiction:

[c1.] For "Bivens claim", I assert jurisdiction pursuant to Bivens, 403 U.S. 395-97.

[c2.] For "FTCA claim", I assert jurisdiction pursuant to the FTCA's "law enforcement proviso", 28 U.S.C. § 2680(h). See case # 18-cv-01869 (ECF Nos. 70 and 76) and case # 20-cv-00968 (ECF No. 5) (assault claims allowed to proceed in similar cases filed by Plaintiff).

D. Statement Of Claims:

Claim One: Unconstitutional Deprivation — Hindering Access to The Courts (Bivens claim)

[d1.] "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts. It is well established that officials may not unreasonably hamper inmates in gaining access to the courts." Smith v. Maschner, 899 F.2d 940, 948 (10th Cir. 1990). "Prisoners have a constitutional right to adequate, effective, and meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 821-22 (1977). "The Tenth Circuit has recognized that the right to access to the courts is protected by the First Amendment, and has also recognized the viability of a First Amendment claim by an inmate." Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991).

[d2.] On June 22, 2020, at approximately 11:20 a.m., Defendant M. Lancaster assaulted me (without any provocation or resistance on my behalf) as he handcuffed me behind my back, prior to him (and two other officers) escorting me to a legal call (that was scheduled by my attorney). See "Claim Two" for more

-2-

information. Officers T. Anderson and R. Gutierrez are the ones who escorted me with Defendant M. Lancaster that day (on 6-22-20). [d3.] The assault was substantially motivated as a response to me taking legal calls from my attorneys and the Courts. Approximately 9 months prior to the assault, Defendant M. Lancaster warned me that "these calls are going to stop." Any rational person would take that statement as a veiled threat. He told me that after I returned to my cell from a legal call I had in September, 2019, and he was being rough with the cuffs at that time (9 months prior to the assault). I knew he was talking about "legal calls" because I didn't have anyone on my regular call list. Officers T. Anderson and M. Boze are the ones who escorted me with Defendant M. Lancaster (9 months prior to the assault). That incident caused me (fearing for my own safety and well being) to refuse several legal calls (in early 2020) scheduled by my attorneys (attorney Kyle Craig in North Dakota and attorney Ryan Cooke in Colorado). The attorneys can testify to the fact that I refused their calls, and I sent them letters telling them that Defendant M. Lancaster threatened to harm me for taking legal calls. I also asked both attorneys to help me file a restraining order against him, but they blamed me instead, and threatened to withdraw themselves (and/or not accept my case — they're both court-appointed attorneys). That caused my cases to be delayed (also, I lost my attorney in Colorado) and months of fighting with my own attorneys. And I have the letters from them and the court documents to prove it.

[d4.] Attorney Ryan Cooke wrote and told me if I refused the legal call he scheduled for 6-22-20, he would not

represent me. I desperately needed a pro bono attorney to represent me in that case so I took his call. And that led to me being assaulted by Defendant M. Lancaster (who made the veiled threat to me 9 months earlier).

[d5.] The injuries I suffered at the hands of Defendant M. Lancaster would chill a person of ordinary firmness from coming out of their cell to take a legal call (which is a constitutionally protected activity that prisoners have a right to). Defendant M. Lancaster knowingly and actively hindered me from gaining access to the courts, and access to my court-appointed attorneys, through means of intimidation and physical assault.

[d6.] Defendant M. Lancaster actively hindered me and interfered with my right to access the courts which constitutes deprivation. "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). My post-conviction relief actions (in North Dakota) were delayed nearly a year for me not taking legal calls and that caused me to have other legal problems (e.g. my N.D. attorney filing 2 motions to withdraw as counsel and the judge ordering us to work ~~together~~ together, and my Colorado attorney declining to take my case — for not taking their calls). Defendant M. Lancaster is responsible for all the legal problems he caused me to have (by hindering my access to the courts). His actions adversely affected three of my cases, two of which are habeas-type actions that are instrumental (to me) in getting my criminal convictions overturned.

[d7.] Bureau of Prisons (BOP) employees are required to follow BOP regulations that are codified in

-4-

federal law (see paragraph d16). They also have a rudimentary understanding of "prisoner rights" and "civil rights" as provided in the Amendments to the U.S. Constitution. Defendant M. Lancaster is a BOP employee, and he would've known that his actions violated my constitutional right to access the courts (as provided in the First Amendment).

[d8.] "[A] constitutional tort theory was set out in Bivens..." Ratigan v. Trogvac, 2009 WL 648931 at *35 (footnote 7). "[That theory] is, by definition, a damages action against a federal officer in his or her individual capacity" Matthews v. Wiley, 744 F.Supp.2d 1159, 1167 (10th Cir.2010). An "official capacity" Bivens action is a unicorn (it doesn't exist). "Official ~~capacity~~ capacity constitutes a claim against the government agency that employs the individual, not against the employee." Cockerham v. Clayton, 2020 WL 6430356 at *1. It's true that a prisoner can sue the BOP as an official capacity defendant (for injunctive relief), however, that is not a Bivens action or Bivens claim. And, in this case, the BOP is not liable for the actions taken by Defendant M. Lancaster because he didn't follow BOP protocol (he went rogue). Therefore, I have no alternative relief available to me. I can only sue him for money damages.

[d9.] "A prisoner's duty to exhaust administrative remedies, therefore, is fulfilled when prison officials are given adequate notice of the nature of [the] complaint... [the complaint] must provide them with enough information to investigate internally." (citation omitted). My SF-95 states that my wrist was reinjured by M. Lancaster "prior to me being escorted to a legal call... he doesn't like me talking to my lawyer." The fact that he didn't

like me speaking to my lawyers is his animus and motive for hindering my access to the courts. Therefore, the veiled threat he made to me 9 months before the assault, did not need to be included in the SF-95. I gave prison officials enough information to investigate.

[d10.] This claim presents circumstances justifying the expansion of Bivens. The fact that I was injured, both physically and constitutionally, over my access to the courts, presents exceptional circumstances. I have permanent damage in my wrist and my legal cases were substantially delayed (not to mention all the other problems it caused me).

[d11.] The only prisoner to be awarded damages pursuant to Bivens was/is dead. So, I'd have to die from something that prison officials could have prevented in order to stay within the one and only "existing Bivens category" for prisoners suing under Bivens jurisdiction. And that's not feasible.

[d12.] Change is coming. What's unfavorable today may be favorable tomorrow. If you believe that prisoners lost their civil rights when they came to prison, you'll find a reason to dismiss this claim; if you don't, you'll consider expanding Bivens (no matter how "unfavorable" it is today).

## Claim Two: Assault & Battery (FTCA claim)

[d13.] On June 22, 2020, at approximately 11:20 a.m., Officer M. Lancaster assaulted me (without any provocation or resistance on my behalf) as he hand-cuffed me behind my back, prior to him (and two other officers escorting me to a legal call). Officers T. Anderson and R. Gutierrez are the ones who

escorted me with Officer M. Lancaster the day he assaulted me (on 6-22-20). The assault took place in the sallyport area of cell 612 (in B-Unit). Officer M. Lancaster grabbed ahold of my right wrist and intentionally slammed it against the metal frame that forms the tray-slot (where food is served and prisoners are cuffed). He then proceeded to handcuff me very roughly while twisting my wrist, and he forcibly pressed my wrist against the tray-slot as the door opened, causing my wrist to grind against the metal.

[d14.] Officer M. Lancaster knew that my right wrist had been previously injured because I told him so during a previous legal call where I asked him to "go easy on my wrist" (27 days prior to the assault). Therefore, he intentionally reinjured my wrist for the sole purpose of causing me bodily harm. And pursuant to Colo. Rev. Stat. § 24-10-110, his actions were "willful and wanton."

[d15.] To establish a tort claim for battery (in Colorado) "a plaintiff must show: (1) that the defendant intended to make physical contact with the plaintiff, or to put the plaintiff in apprehension of immediate physical contact; (2) immediate physical contact of the plaintiff resulted; and (3) the contact was harmful or offensive." White v. Munoz, 999 P.2d 814. The information I provided in paragraphs d13 and d14 fit the criteria.

[d16.] BOP employees are required to read the BOP Program Statement. The "use of force and application of restraints" are set forth in P.S. § 5566.06 (which is codified in federal law). Officer M. Lancaster did not follow BOP protocol, and he would've known that his actions were unlawful. Any rational person knows that harming someone (for no reason) is against the

law (correctional officers can only use force when it's needed, and there was no need for it).

[d17.] Officer M. Lancaster reinjured my right wrist (that was previously injured and is the subject of another case). His actions prevented my wrist from healing and exacerbated my previous injuries. I've experienced excruciating pain and suffering as a result of his actions and he should be held liable. His actions caused me to have extensive bone and nerve damage in my right wrist. Based on the information I've provided in this complaint, I believe that I am entitled to relief.

[d18.] "I didn't call medical for fear of retaliation" (stated in my SF-95). However, I did send multiple letters to the prison's doctor, since then, asking him to examine my wrist, etc. The doctor has yet to respond.

E. Previous Lawsuits (Not Counting Habeas Actions):
[e1.] Bridges v. Fernandez, 16-cv-03206-RBJ-SKC (D. Colo.) (Dismissed for failure to exhaust administrative remedies) (Appeal - dismissed for failure to prosecute appeal).
[e2.] Bridges v. BOP, 18-cv-00494-LTB (D. Colo.) (Dismissed for failure to state a valid claim) (Appeal - dismissed for time-barred appeal).
[e3.] Bridges v. U.S. (Berg), 18-cv-01869-RBJ-SKC (D. Colo.) (Pending).
[e4.] Bridges v. U.S. (Espinoza), 20-cv-00968-RBJ-SKC (D. Colo.) (Pending).

F. Administrative Remedies: Yes, I exhausted them. See copy of my SF-95 filed as exhibit in case # 20-cv-00968; ECF No. 37-1 at 50 (filed by defendant in that case).

-8-

G. Requested Relief : (Request For Relief)
[g1.] $ 1,400 (fourteen-hundred dollars).
[g2.] All parties have not consented to the exer-
cise of jurisdiction of a Magistrate Judge.

H. Signature Of Plaintiff : (Plaintiff's Signature)
I declare under penalty of perjury that I am the
plaintiff in this action, that I wrote and read
this complaint, and that the information In this
complaint is true and correct. Also, this complaint
Complies with the requirements of Fed.R.Civ.P.11.

John Clark Bridger (Plaintiff)

Signed on January 15, 2021

-9-